IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-02329-WDM-CBS

DAVID HENKLE,

    Plaintiff,

v.

MORTGAGE MALL, et al.,

    Defendants.

# ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

    This case is before me on two recommendations issued by Magistrate Judge Craig B. Shaffer. The first, issued March 7, 2005, recommends that defendants' motions to dismiss and/or for summary judgment be granted in part and denied in part. The only response filed to this recommendation was a partial objection by defendant Countrywide Home Loans, Inc. (Countrywide) to the portion of the recommendation that left the claim for breach of fiduciary duty pending against Countrywide. The second recommendation, issued May 6, 2005, is that the complaint be dismissed based upon Plaintiff David Henkle's failure to comply with court orders and rules and to prosecute this case. Henkle did not object to either recommendation and is therefore not entitled to *de novo* review. 28 U.S.C. § 636(b).

    I have reviewed the pertinent portions of the record, including the complaint, the motion to dismiss filed by First Guaranty Financial Corporation and Impac Funding

Corporation, the motion to dismiss filed by Wendover Funding, Inc., the motion to dismiss or for summary judgment filed by Countrywide, the April 18, 2005 order to show cause, both recommendations, and Countrywide's partial objection.

With regard to the March 7 recommendation, I concur with Magistrate Judge Shaffer's analysis that certain of Henkle's claims should be dismissed.[1] I do not reach the only objection to the recommendation, that by Countrywide regarding the breach of fiduciary duty claim, because the May 6 recommendation, as accepted below, renders the objection moot.

In his April 18 order to show cause, Magistrate Judge Shaffer observed that Henkle had not responded to either motion to dismiss or to the motion to dismiss or for summary judgment, that he had not objected to the March 7 recommendation, and that he did not appear for a status conference scheduled for April 18. Magistrate Judge Shaffer ordered Henkle to show cause why the claims left remaining by the March 7 recommendation should not be dismissed for failure to prosecute and failure to comply with court orders. When Henkle failed to respond to the order to show cause by the deadline, Magistrate Judge Shaffer issued the May 6 recommendation that the complaint be dismissed. This recommendation reiterates Henkle's omissions and also notes that he has now failed to provide the court with a current mailing address, as required by D.C.COLO.LCivR 10.1 M.

The Tenth Circuit requires that I consider the relevant factors set forth in *Ehrenhaus*

---

[1] The March 7, 2005 recommendation is that: (1) the motion to dismiss filed by First Guaranty and Impac Funding be granted in part to dismiss the third claim, fourth claim for violation of the Colorado Consumer Protection Act, sixth claim, seventh claim, and eighth claim; (2) the motion to dismiss filed by Wendover Funding be granted in part in the same manner; and (3) the motion to dismiss or for summary judgment filed by Countrywide be granted as to all claims but the fifth claim (and denied in part as moot as to the second claim).

*v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), before dismissing Henkle's complaint as a sanction for his failure to comply with court orders. *Cosby v. Meadors*, 351 F.3d 1324, 1323 (10th Cir. 2003). These factors include:

> (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*Id.* Here, the recommendation does not address these factors,[2] but, upon my review, I conclude they weigh in favor of dismissal. Although there has not been great actual prejudice to defendants at this stage of the litigation, Henkle's failure to appear at the scheduled status conference impeded both defendants' attempts to proceed with the case and the judicial process. The record does not reveal that anyone other than Henkle is responsible for his failure to respond to the dispositive motions, to appear at the status conference, or to respond to the order to show cause. The order to show cause warned Henkle that failure to respond could result in dismissal of his claims. Finally, it is not evident on this record that lesser sanctions would be effective, primarily because Henkle has not appeared in this case since early January 2005 at the latest and has now omitted to provide the court with an address where he could be reached to be notified of any lesser sanction.

Based upon these factors, I conclude the May 6 recommendation should be accepted.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued March 7, 2005, is

---

[2] *See, e.g., Rueb v. Morales*, 91 Fed. Appx. 95 (10th Cir. 2004) (2004 WL 206310) (reversing dismissal for failure to comply with show cause order where neither magistrate judge nor district court addressed *Ehrenhaus* factors).

      accepted to the extent it recommends dismissal of plaintiff's third claim, fourth claim for violation of the Colorado Consumer Protection Act against defendants First Guaranty, Impac Funding and Wendover Funding, the fourth claim entirely against Countrywide, sixth claim, seventh claim, and eighth claim.

2.    The motion to dismiss filed by First Guaranty and Impac Funding on November 30, 2004 (Docket No. 8), is granted in part and denied in part as set forth in the March 7, 2005 recommendation.

3.    The motion to dismiss filed by Wendover Funding on December 7, 2004 (Docket No. 13), is granted in part and denied in part as set forth in the March 7, 2005 recommendation.

4.    The motion to dismiss or for summary judgment filed by Countrywide on December 29, 2004 (Docket No. 15), is granted in part and denied in part as set forth in the March 7, 2005 recommendation.

5.    The recommendation of Magistrate Judge Shaffer, issued May 6, 2005, as modified by this order, is accepted and the complaint is dismissed with prejudice.

DATED at Denver, Colorado, on June 21, 2005.

                                                  BY THE COURT:

                                                  /s/ Walker D. Miller
                                                  United States District Judge